UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> LOT 31, IN BLOCK 9, OF WATERVIEW § <br> ESTATES, SECTION 1, A SUBDIVISION § <br> IN FORT BEND COUNTY, TEXAS, § <br> Defendant. § | CIVIL ACTION NO. |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against the above-entitled Defendant real property. The Defendant, 5210 Magnolia Sky, Richmond, Texas, will be referred to as the "Defendant Property." The United States alleges on information and belief as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The Defendant Property is located in the Southern District of Texas and is within the jurisdiction of this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b).

## THE DEFENDANT PROPERTY SUBJECT TO FORFEITURE

3. The Defendant Property is real property located at 5210 Magnolia Sky, Richmond, Texas, together with all improvements, buildings, structures and appurtenances, and is legally described as follows:

> Lot Thirty-One (31), in Block Nine (9), of WATERVIEW ESTATES, Sec. 1, a subdivision in Fort Bend County, Texas, according to the map or plat thereof, recorded under Film Code No. 20040042 of the Map Records of Fort Bend, Texas.

The record owner of the Defendant Property is Uju Ernest.

## STATUTORY BASIS FOR FORFEITURE

4. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. §981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense." Title 18 U.S.C. §1343 (wire fraud) is "specified unlawful activity" pursuant to 18 U.S.C. §1956(c)(7). A conspiracy to commit wire fraud is a violation of 18 U.S.C. § 1349.

5. This action is also brought to enforce the provisions of 18 U.S.C. §981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property." Conducting a financial transaction involving more than $10,000 in proceeds of specified unlawful activity is money laundering in violation of 18 U.S.C. § 1957.

6. The Defendant Property is subject to forfeiture under 18 U.S.C. §981(a)(1)(C) as real property which constitutes or is derived from, in whole or in part, proceeds traceable to specified unlawful activity, including but not limited to violations of 18 U.S.C. § 1343 (wire fraud).

7. The Defendant Property is also subject to forfeiture under 18 U.S.C. §981(a)(1)(A) as real property involved in, or traceable to, money laundering in violation of 18 U.S.C. § 1957.

| Date | Amount | Description |
|---|---|---|
| 12/2/2014 | $100,000 | Incoming Wire from Victim to Account x3778 |
| 12/3/2014 | $100,000 | Incoming Wire from Victim to Account x3778 |
| 12/4/2014 | ($170,000) | Outgoing wire transfer of $170,000 to Title Company for purchase of the Defendant Property |
| 01/7/2015 | $50,000 | Incoming Wire from Victim to Account x3778 |
| 01/12/2015 | ($40,000) | Outgoing wire transfer of $40,000 to Title Company for purchase of the Defendant Property |
| 01/13/2015 | $55,000 | Incoming Wire from Victim to Account x3778 |
| 01/15/2015 | ($10,780) | Outgoing check from Account x3778 to Title Company for "final payment" on the Defendant Property |

11. No investment funds were ever placed with the victim. The perpetrators kept all of the money that was sent by the victim, and the victim received nothing of value in return.

12. On or about January 15, 2015, Uju Ernest purchased the Defendant Property, with payment in full. In total, more than 75% of the purchase price came from Account x3778, which was funded by the victim payments. Those funds constitute the proceeds of the fraud, and the Defendant Property is thus derived from proceeds traceable to specified unlawful activity. Furthermore, the financial transactions made to purchase the Defendant Property involved proceeds from

specified unlawful activity that exceed $10,000, in violation of 18 U.S.C. § 1957, and the Defendant Property itself is property involved in money laundering.

13. Under the totality of the circumstances, it is believed that the Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity; and under 18 U.S.C. § 981(a)(1)(A) as property involved in, or traceable to, money laundering.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than 21 days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must

be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on the property owner and on any other persons who reasonably appear to be potential claimants. The United States seeks a final judgment forfeiting the Defendant Property to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

ABE MARTINEZ
Acting United States Attorney
Southern District of Texas

By: *Kristine E. Rollinson*
Kristine E. Rollinson
SDTX Federal No. 16785
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

## VERIFICATION

I, John Chiue, a Special Agent employed by the United States Federal Bureau of Investigation, declare under the penalty of perjury, as provided by 28 U.S.C. §1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 and 8-13 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the 14 day of November 2017.

John Chiue
Special Agent
Federal Bureau of Investigation